NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASCHARAN SINGH; RAJINDER KAUR, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-603 Agency Nos. A075-016-843 A075-251-103 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023**
San Francisco, California

Before: SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Petitioners Jascharan Singh and Rajinder Kaur, natives and citizens of

India, seek review of the Board of Immigration Appeals' ("BIA") dismissal of

their appeal from a final order of removal. The BIA's order terminated their

asylum status and held them removable under § 208(c)(2)(A) of the Immigration

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Nationality Act, 8 U.S.C. § 1158(c)(2)(A), for a showing of fraud in Singh's asylum application. *See* 8 C.F.R. § 1208.24(f). In its order, the BIA upheld the Immigration Judge's ("IJ") adverse credibility determination and concluded that Singh was not eligible for asylum at the time he was granted it. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018), we deny the petition.

Asylum may be terminated upon a showing of fraud in Singh's asylum application such that he was not eligible for asylum at the time it was granted. 8 C.F.R. § 1208.24(f). Here, Singh admits his first application for asylum was fraudulent. He argues only that the BIA erred in upholding the IJ's adverse credibility determination and subsequently concluding that Singh was not eligible for asylum at the time it was granted. We disagree.

Substantial evidence supports the adverse credibility determination. We treat the BIA's credibility findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Singh admits he knowingly lied on his first application for asylum in 1993, filing it under a false name and birth date. He also admits the application contained several false statements like that he was part of a student political organization, that his house was burned down by a mob, and that his family members were arrested and raped by local police in 1992. These were not minor inconsistencies, as Singh contends. Rather, they were deliberate fabrications that "cast[] doubt on [Singh's] credibility and the rest of

his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). These false statements, along with Singh's several other misrepresentations and critical omissions throughout various hearings and applications for asylum, constitute substantial evidence supporting the BIA's decision. *See id.*

Substantial evidence therefore supports the BIA's decision that Singh did not qualify for asylum at the time it was granted. And because Kaur's asylum status derived from Singh's, the BIA did not err in terminating Kaur's asylum status either. *See* 8 C.F.R. § 208.24(d).

**PETITION DENIED.**